UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ANTHONY J. BRACCIA et al.,

        Plaintiffs,

    -v-                                            No. 08 Civ. 8927 (LTS)(KNF)

D'BLASS CORP.,

        Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 23 APR 2010

### ORDER

Currently before the Court is the motion, served on March 24, 2010, and filed on April 22, 2010, of Plaintiffs Anthony J. Braccia and Maria T. Braccia's ("Plaintiffs") to strike the February 3, 2009, answer of defendant D'Blass Corp. ("Defendant") and for entry of a default judgment against Defendant. The Court's records reflect that, on November 17, 2008, Plaintiffs filed with the Court an affidavit of service of the summons and complaint in this action. On November 12, 2009, the Court granted the motion of former defense counsel to be relieved as counsel of record for Defendant. The Court's November 12, 2009, order required that Defendant must file and serve a notice of appearance by December 10, 2009, and provided that failure to enter a timely appearance could result in the entry of judgment for Plaintiffs by default. The Court authorized Plaintiffs to seek a default judgment on March 19, 2010. As of April 23, 2010, Defendant has failed to enter an appearance by new counsel or otherwise respond to the order or to Plaintiffs' motion. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

       In light of Defendant's failure to appear or otherwise comply with the orders of this Court in the above-captioned matter, Plaintiffs' motion to strike Defendant's February 3, 2009,

answer is granted. Defendant's answer is hereby stricken and the factual allegations contained in Plaintiffs' October 17, 2009, complaint are therefore deemed admitted.

Plaintiffs' April 22, 2010, motion also seeks judgment by default. In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044 (LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). All three factors weigh in favor of granting Plaintiff's motion for default judgment.

Defendant's failure to appear by new counsel or otherwise respond to the November 12, 2009, order indicates willful conduct. Further, the Court is unable to determine whether the Defendant has a meritorious defense to Plaintiffs' allegations. The stricken answer consisted simply of a series of general denials made on information and belief, and Defendant has made no response to the instant motion. Finally, denying the motion would be unfairly prejudicial to Plaintiffs, because Defendant has failed to appear or respond to any of the substantive allegations in Plaintiffs' complaint. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); see Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (party's failure to appear for deposition and trial, dismissing counsel and provision of unresponsive discovery sufficient to establish failure to plead or otherwise defend for Rule 55 purposes). Accordingly, Plaintiffs' motion for default judgment is granted.

This case will be referred to Magistrate Judge Fox for inquest into appropriate

damages.

       This order resolves docket entry no. 26.

       SO ORDERED.

Dated: New York, New York
      April 23, 2010

                                                LAURA TAYLOR SWAIN
                                                United States District Judge